UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER BIERNAT,

       Plaintiff,                          No. 12-13933

v.                                       District Judge Paul D. Borman
                                           Magistrate Judge R. Steven Whalen

WORLD FINANCIAL CAPITAL
BANK, ET AL.,

       Defendants.
                                       /

**ORDER**

      Before the Court is Plaintiff's Motion for Protective Order [Doc. #36], in which she challenges subpoenas for her psychological counseling records. Specifically, Defendant Experian Information Solutions, Inc. ("Experian") served subpoenas on Debra Migliazzo, MSW, and Kim Tocco, NP, seeking "[a]ll treatment notes and records relating to patient Jennifer Biernat from 2009 to present." Plaintiff's Motion for Protective Order will be GRANTED IN PART AND DENIED IN PART, as follows.

      Plaintiff was the victim of identity theft, as a result of which a negative item was placed on her consumer credit report. She alleges that Experian refused her request to remove the item from her report, and that as a result she suffered "emotional distress, anxiety, distress, anger, humiliation, fearfulness, and other categories of emotional and mental distress damages." *Plaintiff's Motion*, at 7. In her response to Defendant's Interrogatory No. 13, Plaintiff stated that she "was unable to sleep through the night for months," that she "would awaken with anxiety attacks three to five times per week," and that she "went to [her] therapist many times for this."

The first question is whether or not Plaintiff has placed her mental status in issue sufficiently to permit discovery of her psychological counseling or treatment records. A plaintiff does not place his or her mental state at issue merely by claiming emotional damages in the complaint. "The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress." *Stevenson v. Stanley Bostitch, Inc.,* 201 F.R.D. 551, 553 (N.D.Ga.2001). *See also Burke v. Lawrence*, 2013 WL 2422883, *2 (W.D.Mich. 2013).

Given Plaintiff's detailed answer to Interrogatory No. 13, including her statement that she sought counseling, it appears that she is claiming more than mere "garden variety" emotional damages. However, while *relevant* treatment records would therefore be discoverable, Defendant does not have a *carte blanche* for all of her records dating back to 2009. Rather, a relevant time frame would be calendar year 2012. She alleges that she discovered the identity theft in the Spring of 2012.

Plaintiff has submitted her records from Ms. Migliazzo and Ms. Tocco to the Court for *in camera* review. As her counsel indicated both in his pleadings and at oral argument, Plaintiff participated in "talk therapy." Much of what is discussed in those records simply has no relevance to the issues in this case, including Plaintiff's claimed emotional damages stemming from the identity theft and its aftermath. Given the very personal nature of what is discussed, and its lack of relevance, a protective order as to these portions of the records is appropriate.

There are, however, some records that are discoverable, in that they relate to the claims in this case and to Plaintiff's statements in response to Interrogatory No. 13. Following a careful *in camera* review of the records, I find that the following portions are

discoverable:

    (1) Bates No. 000009 (the only portion of Ms. Migliazzo's records that are discoverable).
    (2) Bates No. 000027 (12-12-12)
    (3) Bates No. 000033 (8-28-12)
    (4) Bates No. 000035 (8-21-12)
    (5) Bates No. 000037 (8-14-12)[1]
    (6) Bates No. 000041-000042 (8-14-12)

The Motion for Protective Order is therefore DENIED as to the above-enumerated portions of Plaintiff's counseling records. Plaintiff shall produce, or direct Ms. Migliazzi and Ms. Tocco to produce, these portions of the record to Defendant Experian's counsel within 14 days of the date of this Order. The production of these records will be subject to the separate Protective Order Covering Plaintiff's Medical Records that is filed contemporaneously with this Order.

In all other regards, the Motion for Protective Order is GRANTED.

IT IS SO ORDERED.


Dated: September 9, 2013        s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 10, 2013, electronically and/or by U.S. mail.

                                        s/Michael Williams
                                        Case Manager to the
                                        Honorable R. Steven

---

[1] This is the first page of a 3-page report. Pages 2 and 3 of the Report do not contain relevant and discoverable information.